UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATHLEEN EVANINA and MICHAEL EVANINA, | : | Civil No. 3:20-CV-00751 |
| Plaintiffs, | : | |
| v. | : | (JONES, C.J.)<br>(SAPORITO, M.J.) |
| THE FIRST LIBERTY INSURANCE CORPORATION, | : | |
| Defendant. | : | |

## MEMORANDUM

This matter is before the court on the motion for a protective order (Doc. 20) filed by the defendant, The First Liberty Insurance Corporation ("First Liberty"). In its motion, First Liberty is seeking a protective order to prevent the deposition of its corporate designee. For the reasons that follow, we will grant the motion in part and deny it in part.

### I.  *Factual Background*

This underinsured motorist case arises out of an automobile accident which occurred on March 12, 2019. At the time of the accident, one of the plaintiffs, Kathleen Evanina, was operating a 2014 Ford Fusion and her vehicle was struck by the tortfeasor, causing her injuries.

Evanina settled with the tortfeasor and his insurance carrier for his bodily injury liability limits. First Liberty consented to this settlement.

At the time of the accident, the plaintiffs were named insureds under a First Liberty automobile insurance policy. The First Liberty policy did not list the 2014 Ford Fusion as a covered vehicle under the policy. The Fusion was owned by a business corporation for which Evanina worked, and it was insured by the Philadelphia Indemnity Insurance Company ("Philadelphia Indemnity").

First Liberty denied Evanina's underinsured motorist claim under the "regular use exclusion" included in the First Liberty policy. Thereafter, the plaintiffs filed a complaint in the Court of Common Pleas of Lackawanna County, Pennsylvania, on November 21, 2019, alleging breach of contract and loss of consortium claims against First Liberty and Philadelphia Indemnity. First Liberty filed its answer to the complaint with new matter on January 29, 2020. Thereafter, on May 7, 2020, upon settlement of the plaintiffs' claims against Philadelphia Indemnity, First Liberty removed this action to this court.

The plaintiffs' complaint against First Liberty sets forth a breach of contract count arising from Evanina's underinsured motorist claim

under the First Liberty policy and a spousal derivative count for loss of consortium. (Doc. 2-1, ¶¶36-53). Pretrial discovery ensued with the plaintiffs deposing First Liberty's claim professional without objection. The plaintiffs then noticed the deposition of a corporate designee of First Liberty under Fed. R. Civ. P. 30(b)(6). (Doc. 8). The plaintiffs describe the purpose of the Rule 30(b)(6) deposition as having a representative of First Liberty "testify on issues regarding *inter alia*, the underwriting procedures in place at First Liberty, as well as the 'regular use' exclusion contained in the First Liberty policy." (Doc. 25, at 6). Shortly after the serving of the notice of deposition, First Liberty objected to the corporate designee deposition.

The matter was assigned to the undersigned United States magistrate judge for management and resolution of the parties' discovery dispute. (Doc. 9; Doc. 10). On July 16, 2020, we conducted a telephonic conference with counsel to attempt a resolution of the dispute which was not fruitful. Following the telephone conference with counsel, we ordered defense counsel to prepare and file a motion for a protective order and supporting brief. (Doc. 14). The motion was filed, it has been fully briefed, and it is ripe for disposition. (Doc. 20; Doc. 21; Doc. 25; Doc. 28).

## II. Legal Standards

The scope of discovery in federal court is governed by Federal Rule of Civil Procedure 26. Rule 26 is to be construed liberally. *See Pacitti v. Macy's* 193 F.3d 766, 766 (3d Cir. 1999); *see also Tele-Radio Sys. Ltd. v. DeForest Elecs., Inc.*, 92 F.R.D. 371, 375 (D.N.J. 1981) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). Rule 26 permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.*

A motion for a protective order is governed by Rule 26(c) of the Federal Rules of Civil Procedure. Rule 26(c) permits "a party or any person from whom discovery is sought [to] move for a protective order . . . . The motion must include a certification that the movant has in good faith conferred or attempted to confer with the other affected parties in an effort to resolve the dispute without court action."[1] Fed. R. Civ. P.

---

[1] The parties participated in a telephone conference with the court on July 16, 2020, in an effort to resolve the dispute without court action. Unfortunately, the parties were unable to resolve the scope of this discovery dispute.

26(c)(1). Accordingly, the Court may, for "good cause," issue a protective order to shield a party "from annoyance, embarrassment, oppression, or undue burden or expense." *Id.*

## III. Discussion

First Liberty argues that the proposed deposition of its corporate designee is irrelevant to the claims set forth in the complaint, and it is disproportional to the needs of the case. (Doc. 21, at 5).

### a. Relevancy

The Rule 30(b)(6) notice of deposition designates the areas of inquiry as follows:

> a. The underwriting procedures in place at First Liberty Corporation for the period January 1, 2017[,] through the current date;
>
> b. The underwriting regulations necessary to obtain the status of "preferred driver" under a First Liberty Corporation policy of insurance;
>
> c. The determinative factors and costs associated with UIM coverage at First Liberty Corporation;
>
> d. The determinative factors and costs associated with UM coverage at First Liberty Corporation;

e. The determinative factors and costs associated with stacking of UIM coverage at First Liberty Corporation;

f. The determinative factors and costs associated with stacking of UM coverage at First Liberty Corporation;

g. The factors First Liberty Corporation utilizes in determining whether a vehicle is available for the "regular use" of an insured;

h. How the term "regular use" is defined in the applicable First Liberty Corporation policy and related documents;

i. Whether the First Liberty Corporation's regular use exclusion must be accompanied by a stacking waiver;

j. All steps and measures First Liberty Corporation takes to explain to its insureds the effect of the "regular use exclusion," "household exclusion," "family car exclusion," and "unlisted driver exclusion";

k. How the regular use exclusion is discussed in the Liberty Mutual Claims Manual;

l. Any facts supporting First Liberty Corporation's legal theories and defenses.

(Doc. 20-1, at 3-4).

In support of its argument that the areas of inquiry are irrelevant, First Liberty maintains that the plaintiffs' complaint only sets forth claims for breach of contract and loss of consortium, and it does not separately plead a claim for statutory bad faith. Further, it contends that the issues of whether the policy was in effect at the time of the accident, the terms of the policy, and the amount of underinsured limits are not in dispute. Rather, First Liberty frames the issue as whether the regular use exclusion in the policy applies to preclude coverage of the claim. (Doc. 21, at 6). It argues that the application of the regular use exclusion is a question of law to be resolved through cross motions for summary judgment. (*Id.*).

First Liberty cites several cases in support of its position that the discovery of claims handling is irrelevant to a breach of contract claim without a claim for statutory bad faith. Upon review of the complaint, the plaintiffs have alleged that First Liberty, as the plaintiffs' insurer, "owes . . . Evanina, a fiduciary, contractual and statutory obligation to investigate, evaluate, and negotiate [her] UIM claim in good faith and to arrive at a prompt, fair, and equitable settlement." (Doc. 2-1 ¶48). Under similar factual allegations, this court in *Rau v. Allstate Fire and Cas. Ins.*

Co., Civil No. 3:14-cv-00479, 2015 WL 3466134 *2 (M.D. Pa. May 29, 2015), a case relied upon by First Liberty, concluded "that [the allegations] sufficiently set forth a claim for breach of the common law duty of good faith and fair dealing—which may be understood as part of the broader breach of contract action—and therefore make [the] proposed lines of deposition questioning appropriate and permissible." Also, First Liberty placed the regular use exclusion in issue by raising it as an affirmative defense. (Doc. 2-6 ¶¶57, 63-68).

The plaintiff in *Rau* sought to depose the insurance carrier's claims adjuster rather than a corporate designee as is the case here. The court in *Rau* set forth the applicable law on the duty of good faith *vis-a-vis* an insurance contract.

> The Pennsylvania Supreme Court has long recognized that the utmost fair dealing should characterize the transactions between an insurance company and an insured. The duty of good faith and fair dealing is implicit in an insurance contract and therefore acts as a term of the contract, and . . . arises from the contract itself.

2015 WL 3466134, at *2 (citations omitted); *see also Birth Ctr. v. St. Paul Cos., Inc.*, 787 A.2d 376, 390 (Pa. 2001) (Nigro, J., concurring) ("There are two separate 'bad faith' claims that an insured can bring against an

insurer—a contract claim for breach of the implied contractual duty to act in good faith, and a statutory bad faith tort claim . . .under 42 Pa. [Cons. Stat. Ann] § 8371."). We also find another case from our court to be instructive in a breach of contract claim without a statutory bad faith claim in the context of a motion to dismiss for failure to state a claim upon which relief may be granted. In *Swientisky v. American States Ins. Co.*, Civil No. 3:18-cv-1159, 2018 WL 3756712 (M.D. Pa. Aug. 18, 2018), this court agreed with the reasoning of *Craker v. State Farm Mut. Auto. Ins. Co.*, No. 11-225, 2011 WL 1671634, at *6 (W.D. Pa. May 3, 2011), which rejected the contention that the facts underlying an insurer's decision to deny an underinsurance claim are not relevant to a breach of contract claim where there is no separate statutory bad faith claim asserted.

Here, the plaintiff has asserted a breach of contract claim and the defendant has raised the regular use exclusion as a potential defense. Under these circumstances, we find that some of the areas of inquiry in the Rule 30(b)(6) notice of deposition are relevant to the issues before the court while others are irrelevant. We decline the invitation to decide the discovery issue before the court at this procedural juncture on the

Pennsylvania Supreme Court's decision in *Gallagher v. Geico Indemnity Co.*, 201 A.3d 131 (Pa. 2019), as we deem it premature to address the issues raised in that matter.

Except as set forth below with respect to paragraph 2 (j) of the Rule 30(b)(6) notice of deposition, we find that the proposed areas of inquiry identified in paragraph 2 (g) through (l) are relevant to the issues before the court as they relate to Evanina's breach of contract claim and the application of the regular use exclusion raised as a defense by First Liberty. However, with respect to paragraph 2 (a) through (f) of the notice of deposition, we find those proposed lines of inquiry are irrelevant to the issue regarding the application of the "regular use exclusion," as they relate to underwriting procedures, underwriting regulations necessary to obtain the status of "preferred driver," and the determinative factors and costs associated with UIM and UM coverage as well as stacking for those coverages. Likewise, we find that the "household exclusion," the "family car exclusion," and the "unlisted driver exclusion" as identified in paragraph 2 (j) are equally irrelevant. The remaining portion of paragraph 2 (j) is relevant.

### b. *Proportionality*

Next, First Liberty maintains that the requested discovery is disproportional to the needs of the case. Proportionality determinations are to be made on a case-by-case basis using the factors set forth in Fed. R. Civ. P. 26(b)(1) as follows: "The amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* "[N]o single factor is designed to outweigh the other factors in determining whether the discovery sought is proportional." *Bell v. Reading Hosp.*, Civ. No. 13-5927, 2016 WL 162991, at *2 (E.D. Pa. Jan. 14, 2016).

In its brief in support of the motion and in its reply brief, First Liberty concludes that the requested discovery is disproportional to the needs of the case without specific reference to any of the factors identified above for the court to determine proportionality. In response to First Liberty's disproportionality argument, the plaintiffs contend that: the amount in controversy represents two-thirds of the total available insurance; First Liberty, as the drafter of the policy, has ready access to

all relevant information especially regarding the denial of the claim; the importance of the discovery may be determinative of the issue whether the plaintiffs are entitled to any UIM benefits under the policy; and the burden of producing one witness is outweighed by the benefit in answering the questions about the validity of First Liberty's affirmative defense of the regular use exclusion. We agree, and we are not persuaded by First Liberty's disproportionality argument.

Therefore, we will grant the motion in part and deny it in part. An appropriate order follows.

/s/ Joseph F. Saporito, Jr.<br>
JOSEPH F. SAPORITO, JR.<br>
United States Magistrate Judge

Dated: November 4, 2020