UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KATHLEEN EVANINA and MICHAEL EVANINA,** | : | |
| | : | CIVIL ACTION NO. 3:20-751 |
| Plaintiffs | : | |
| | : | (JUDGE MANNION) |
| v. | : | |
| **THE FIRST LIBERTY INSURANCE CORPORATION,** | : | |
| Defendant | : | |

# MEMORANDUM

Pending before the court is the defendant's motion for summary judgment. (Doc. 33). Upon plaintiffs' request (Doc. 46), oral argument was heard on the matter. Based upon the materials submitted in relation to the motion and the arguments made before the court, the defendant's motion for summary judgment will be **DENIED**.

By way of relevant background, the instant action arises out of a motor vehicle accident which occurred on March 12, 2019. At the time of the accident, plaintiff Kathleen Evanina ("Mrs. Evanina") was driving a 2014 Ford Fusion which was owned by, registered to, and insured under a policy of insurance issued to her employer, Revolutionary Home Health, Inc., by Philadelphia Indemnity Insurance Company ("Philadelphia

1

Indemnity"). Also in effect at the time of the accident was an automobile policy issued by defendant First Liberty Insurance Corporation ("First Liberty"). The Declarations page for that policy identifies Mrs. Evanina and plaintiff Michael Evanina ("Mr. Evanina") as the Named Insureds, and includes coverage for, among other things, underinsured motorist benefits ("UIM")[1].

In relation to the accident, Mrs. Evanina settled with the tortfeasor, Marc Sickmeier, and his insurance carrier, Infinity Insurance Company, for his bodily injury liability limits of $15,000. She then submitted a first-tier UIM claim to Philadelphia Indemnity, which had issued the policy to her employer for the vehicle she was driving, and a second-tier UIM claim to First Liberty, her own insurer. First Liberty denied Mrs. Evanina's second-tier UIM claim based on the Regular Use Exclusion[2] included within its policy.

---

[1] "UIM coverage is triggered when the tortfeasor's liability coverage is not sufficient to cover the injuries incurred in an accident." *Rush v. Erie Ins. Exchange*, ___ A.3d ___, 2021 WL 4929434 (Pa.Super., Oct. 22, 2021) (quoting *Generette v. Donegal Mut. Ins. Co.*, 957 A.2d 1180, 1189 (Pa. 2008)).

[2] The First Liberty policy provides, in relevant part:

**EXCLUSIONS**

2

Plaintiffs filed the instant action in the Court of Common Pleas of Lackawanna County on November 21, 2019, against Philadelphia Indemnity and First Liberty. Ultimately, the first-tier UIM claim was settled and Philadelphia Indemnity was dismissed from the action. With the dismissal of Philadelphia Indemnity, diversity jurisdiction was established and the case was then removed by First Liberty to this court on May 7, 2020. Two causes of action are set forth in the plaintiff's complaint against First Liberty. The first is a breach of contract claim resulting from the denial of Mrs. Evanina's second-tier UIM claim under and pursuant to the First Liberty policy. The second is a claim for loss of consortium brought by Mr. Evanina.

---

> **A.** We do not provide Underinsured Motorists Coverage for "bodily injury" sustained:
>
> * * *
>
> **2.** By an "insured", as defined in this endorsement, while using, "occupying", or when struck by, any non-owned motor vehicle that is furnished or made available for your regular use, or the regular use of a "family member", which is not insured for Underinsured Motorists coverage under this policy. This includes a trailer of any type used with that vehicle.

(Doc. 33-2).

3

First Liberty has moved for summary judgment on the breach of contract claim. Summary judgment should be granted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Brethren Mut. Ins. Co. v. Triboski-Gray*, 584 F. Supp. 2d 687, 691 (M.D.Pa. 2008); Fed.R.Civ.P. 56(c). A fact is "material" if proof of its existence or nonexistence might affect the outcome of the suit under the applicable law. *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). An issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. Summary judgment is to be entered "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

In determining whether the defendant is entitled to summary judgment in this diversity action, the court must apply the substantive law of Pennsylvania. *See Nationwide Mutual Ins. Co. v. Buffetta*, 230 F.3d 634, 637 (3d Cir. 2000). If the issue raised before this court has not been

4

resolved definitively by the Pennsylvania Supreme Court, this court must predict how the Pennsylvania Supreme Court would resolve the issue. *Id.* In doing so, pertinent opinions of the Pennsylvania intermediate appellate courts may be disregarded only where there exist "'other persuasive data that the highest court of the state would decide otherwise.'" *Id*. (quoting *West v. AT & T Co.*, 311 U.S. 223, 237 (1940)).

First Liberty seeks summary judgment arguing that the Regular Use Exclusion in its policy precludes coverage in this case, since Mrs. Evanina was operating a non-owned motor vehicle that was furnished or made available for her regular use and which was not insured for UIM under the First Liberty policy. In both its briefing and at oral argument, First Liberty argues that the Pennsylvania Supreme Court case of *Williams v. GEICO*, 32 A.3d 1195 (Pa. 2011) is controlling. To this extent, First Liberty argues that the *Williams* court has held that the regular use exclusion is unambiguous and does not violate public policy.

In considering First Liberty's argument, the issue addressed in *Williams* is distinct from the one before the court in this matter. In *Williams*, the Pennsylvania Supreme Court indicated that the specific issue it was addressing was "whether the regular-use exclusion, as applied to a state

5

trooper, is void as against a public policy that favors protecting first responders." *Williams*, 32 A.3d at 1199. That particular issue is not before this court.

Moreover, directly relevant to the decision in this case, as discussed in submitted supplemental authority and at oral argument, is the Pennsylvania Superior Court's recent decision in *Rush v. Erie Ins. Exch.*, ___A.3d ___, 2021 WL 4929434 (Pa. Super., Oct. 22, 2021). In *Rush,* the insureds sought a declaratory judgment that the regular use exclusion of UIM coverage was unenforceable against one of the insured, who was injured while operating a police vehicle. The trial court granted the insureds' summary judgment motion holding that the regular use exclusion violated Pennsylvania's Motor Vehicle Financial Responsibility Law ("MVFRL"), 75 Pa.C.S. §§1701-1799.7[3], and was, therefore, unenforceable.

---

[3] "[T]he MVFRL is comprehensive legislation governing the rights and obligations of the insurance company and the insured under liability insurance policies covering motor vehicles." *Rush*, at *2 (quoting *Sayles v. Allstate Ins. Co.*, 219 A.3d 1110, 1124 (Pa. 2019)). The provisions of the MVFRL are mandatory and where insurance contract provisions go against the provisions of the MVFRL, the contract provisions will be found unenforceable. *Id.* (citations omitted).

6

The insurer appealed the trial court's grant of summary judgment raising the issues of whether the trial court erred in (1) invalidating the regular use exclusion and (2) in granting summary judgment and declaring that the regular use exclusion is repugnant to and violates the provisions of the MVFRL. On appeal, the Pennsylvania Superior Court held "in this case of first impression" that the regular use exclusion, in fact, conflicts with the provisions of the MVFRL and is unenforceable. *Rush*, 2021 WL 4929434 at *1. In doing so, the Superior Court noted that §1731 of the MVFRL governs the scope of UIM coverage in Pennsylvania and mandates coverage when three requirements are met: (1) the insured suffered injuries arising out of the maintenance or use of a motor vehicle; (2) the insured is legally entitled to recover damages from the at-fault underinsured driver; and (3) the insured has not rejected UIM coverage by signing a valid waiver. *Rush*, 2021 WL 4929434, at *3 (citing 75 Pa.C.S. §1731). As to the first requirement, the Superior Court emphasized that the scope of coverage under §1731 is broadly defined as it requires UIM coverage whenever an insured suffers injuries "arising out of . . . the use of **a** motor vehicle" and does not consider who owns the vehicle or the frequency with which the insured uses it. *Id.* (citing §1731(c) (emphasis

added)). The Superior Court agreed with the trial court that the regular use exclusion is unenforceable because it modifies the clear and unambiguous requirements of the MVFRL. Specifically, the Superior Court found that the regular use exclusion limits the coverage required by §1731 in situations where an insured is injured while using a motor vehicle that the insured regularly uses, but does not own. This, the court found, is contrary to the language of the MVFRL which requires UIM coverage in situations where an insured sustains injuries arising out of the "use of **_a_** motor vehicle."[4]

As is the case here, the insurer in *Rush* relied upon *Williams* to argue the regular use exclusion was valid and enforceable. In discussing *Williams*, the Superior Court noted that the only issue addressed in that case was "whether the regular-use exclusion, as applied to a state trooper, is void as against a public policy that favors protecting first responders." *Id.* In addition, the *Rush* court noted that, while "the [*Williams*] Court stated that a 'regular use' exclusion clause did not violate the express terms of

---

[4] An application for reargument filed by Erie Insurance Exchange was denied in *Rush* on December 28, 2021. *See Rush v. Erie Ins. Exch.*, Superior Court of Pennsylvania, Docket Number 1443 EDA 2020. On January 26, 2022, Erie Insurance Exchange filed a petition for allowance of appeal to the Pennsylvania Supreme Court. *See Rush v. Erie Ins. Exch.*, Supreme Court of Pennsylvania, Docket Number 37 MAL 2022.

the MVFRL," since that specific issue was not before the Pennsylvania Supreme Court on appeal, the statement on the matter is *dicta* and not binding. *Id.* at **3-4 (citations omitted). Even further, the Superior Court provided that the *Williams* court relied upon *Erie Ins. Exch. v. Baker*, 972 A.2d 507 (Pa. 2008), which was abrogated by the Pennsylvania Supreme Court in *Gallagher v. GEICO Indemn. Co.*, 201 A.3d 131 (Pa. 2019).[5]

In *Gallagher*, the Pennsylvania Supreme Court addressed the validity of a household vehicle exclusion similar to the regular use exclusion. In that case, the insured, Brian Gallagher ("Gallagher"), had purchased and paid higher premiums for stacked uninsured ("UM") and UIM coverage on two policies, one covering his motorcycle and one covering his two automobiles.[6] Gallagher was injured when his motorcycle collided with

---

[5] In *Dayton v. Automobile Ins. Co. of Hartford, CT*, 2021 WL 5163221, (M.D.Pa., Nov. 5, 2021), issued approximately two weeks after the Superior Court's decision in *Rush*, this court cited *Williams* and courts within the Third Circuit in disagreeing with the plaintiff that the state law in this area was unsettled. *Dayton*, at *3 (citations omitted). As indicated at oral argument, however, the discussion of *Williams* in *Dayton* was in relation to the court's consideration of the plaintiff's motion for remand and the factors set forth in *Reifer v. Westport Ins. Corp.*, 751 F.3d 129 (3d Cir. 2014). The court at that juncture was not deciding the issue of whether the regular use exclusion applicable in that case was unenforceable because it violates the MVFRL. As such, the language is merely *dicta*.

[6] GEICO apparently required that the motorcycle be placed on a policy separate from the two automobiles.

another vehicle, which was underinsured. He filed a claim with GEICO attempting to recover under both of his policies. GEICO paid Gallagher under the motorcycle policy, but denied coverage under the automobile policy based upon a household vehicle provision that was contained in the policy.[7] GEICO provided that coverage was excludable because Gallagher had sustained his injuries while operating his motorcycle, not the automobiles that were covered under the automobile policy. Gallagher argued that GEICO's denial of his claim based upon the household vehicle exclusion was essentially an invalid waiver of stacking in violation of the provisions of the MVFRL, which requires an express waiver of such coverage.

While the trial court ruled in favor of GEICO on summary judgment and the Pennsylvania Superior Court affirmed, the Pennsylvania Supreme Court ultimately vacated the Superior Court's judgment and reversed the trial court's order. In doing so, the Supreme Court noted that under the

---

[7] The household vehicle exclusion in *Gallagher* provided "This coverage does not apply to bodily injury while occupying or from being struck by a vehicle owned or leased by you or a relative that is not insured for Underinsured Motorists Coverage under this policy." *Gallagher*, 201 A.3d at 133.

MVFRL, "stacked UM/UIM coverage is the default coverage available to every insured and provides stacked coverage on all vehicles and all policies." *Id.* at 137 (citing 75 Pa.C.S. §1738(a)). Moreover, the Supreme Court provided that "the MVFRL makes clear that to effectuate a waiver of UM/UIM coverage, an insurer must provide the insured with a statutorily-prescribed waiver form, which the named insured must sign if he wishes to reject the default provision of stacked coverage." *Id.* (citing 75 Pa.C.S. §1738(d)). And further, with any waived stacked coverage, the insured's premiums must be reduced to reflect the different cost of coverage. *Id.* (citing 75 Pa.C.S. §1738(c)). The Pennsylvania Supreme Court found that the household vehicle exclusion is inconsistent with the unambiguous mandates of the MVFRL and "acts as a *de facto* waiver of stacked UIM coverage provided for in the MVFRL, despite the indisputable reality that Gallagher did not sign the statutorily-prescribed UIM coverage waiver form." *Id.* at 138. As such, the court found the household vehicle exclusion unenforceable as a matter of law. *Id.*

The *Gallagher* decision was followed by *Sayles v. Allstate Ins. Co.*, 219 A.2d 1110 (Pa. 2019). In *Sayles*, the Pennsylvania Supreme Court held that provisions requiring that insureds submit to examinations by physicians

11

selected by the insurer as often as reasonably required were void as against public policy. Of note here is not the holding of the court, but Justice Baer's concurring opinion, which he stated was written to emphasize "what may be an unsettling trend among automobile insurance companies to attempt to circumvent clear statutory language through contrary policy provisions." *Sayles*, 219 A.3d at 1127-28. Justice Baer referenced the medical examination provisions involved in the *Sayles* case, which he provided clearly allowed insurers to circumvent §1796(a) of the MVFRL and, as a result, were found to be void as against public policy. Similarly, Justice Baer referenced the household vehicle exclusion in the *Gallagher* case, which was found invalid and unenforceable because it conflicted with the unambiguous waiver mandates of §1738 of the MVFRL. Finally, Justice Baer referenced the case of *Generette v. Donegal Mutual Ins. Co.*, 957 A.2d 1180 (Pa. 2008), in which the Pennsylvania Supreme Court found "an 'Other Insurance' clause included in an insurance policy violated public policy as expressed in the MVFRL, requiring excess rather than gap underinsured motorist coverage." *Sayles*, 219 A.3d at 1128. Justice Baer completed his concurring opinion by stating:

> I write now to highlight that, given these multiple cases in which we have encountered insurance companies including policy

12

provisions inconsistent with the Legislature's intent as set forth in the MVFRL, courts of this Commonwealth should be cognizant of this practice. Additionally, I respectfully suggest that the insurance industry should be more circumspect when it is tempted to "adjust" provisions of the MVFRL to its benefit notwithstanding contrary statutory provisions.

*Id.*

Subsequent to his concurring opinion in *Sayles*, now Chief Justice Baer authored the opinion in *Donovan v. State Farm Mutual Automobile Ins. Co.*, 256 A.3d 1145 (Pa. 2021), in which the Pennsylvania Supreme Court reviewed three questions of law certified by United States Court of Appeals for the Third Circuit, including whether the household vehicle exclusion[8] included in the policy at issue was enforceable following the court's decision in *Gallagher*.[9] The Pennsylvania Supreme Court held in the negative.

---

[8] Substantially similar to other household vehicle exclusions, the particular exclusion at issue provided:

> THERE IS NO COVERAGE FOR AN INSURED WHO SUSTAINS BOLDILY INJURY WHILE OCCUPYING A MOTOR VEHICLE OWNED BY YOU OR ANY RESIDENT RELATIVE IF IT IS NOT YOUR CAR OR A NEWLY ACQUIRED CAR.

*Donovan*, at *22.

[9] The court decided as an initial matter that the §1738(d) waiver form signed by the insured was not a valid waiver of inter-policy UIM stacking in a multi-vehicle policy.

In *Donovan*, plaintiff Corey Donovan was injured in a vehicle covered by his own insurance policy. Corey Donovan recovered against his own policy, as well as against the policy of his tortfeasor. However, the coverage of these policies was insufficient to satisfy his medical expenses. As a result, he attempted to stack UIM coverage from a State Farm policy purchased by plaintiff Linda Donovan, his mother, to whom he was a resident relative.

State Farm denied coverage to Corey Donovan based upon a household vehicle exclusion in Linda Donovan's policy. *Donovan*, 256 A.3d at 1147-49. However, unlike in *Gallagher*, the household vehicle exclusion in the *Donovan* case was not categorical, meaning it allowed for stacking under certain circumstances. *Id*. at 1147. Despite this difference, the *Donovan* court held that "[w]hether the insured did not sign a waiver, as in *Gallagher*, or signed a deficient waiver as to inter-policy stacking, as in the case at bar, the result is the same: the policy defaults to inter-policy stacking of UM/UIM coverage." *Id.* at 1160. As such, the Pennsylvania Supreme Court held "as in *Gallagher*, the household vehicle exclusion

---

*Donovan*, at *22.

cannot be enforced to waive inter-policy stacking in regard to Linda's Auto Policy as it does not comply with the requirements for waiver of stacking under Section 1738(d)." *Id.* Thus, the Pennsylvania Supreme Court made clear that it is of no consequence whether insurance policy provisions categorically block UIM coverage stacking or only partially block UIM coverage stacking, with different waiver requirements for each. The issue is not the extent of the restriction on stacking, but whether stacking was validly waived. *Id*.

In considering the above, whether the regular use exclusion is contrary to the provisions of the MVFRL and therefore invalid and unenforceable has not been definitively resolved by the Pennsylvania Supreme Court requiring this court to predict how the Pennsylvania Supreme Court would rule on the issue. In *Rush*, the Pennsylvania Superior Court ruled on the issue and determined that the regular use exclusion is contrary to the MVFRL and is therefore invalid and unenforceable. Moreover, as discussed above, in a number of cases, the Pennsylvania Supreme Court has considered and ruled upon the household use exclusion, which is a substantially similar exclusion to the regular use exclusion. In doing so, the Pennsylvania Supreme Court has

15

determined that the household use exclusion is invalid and unenforceable as it is inconsistent with the unambiguous requirements of the MVFRL. Considering the trend of the Pennsylvania Supreme Court in its rulings on the household use exclusion, as well as now Chief Justice Baer's concurring opinion in *Sayles* which highlights the "unsettling trend" among insurance companies to attempt to circumvent the clear language of the MVFRL, in conjunction with the Pennsylvania Superior Court's recent decision in *Rush*, this court predicts that the Pennsylvania Supreme Court will find the regular use exclusion is contrary to the unambiguous provisions of the MVFRL and therefore invalid and unenforceable, as it did with respect to the household vehicle exclusion. As such, the defendant's motion for summary judgment will be denied. An appropriate order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: February 25, 2022**
20-751-01